No. 803 November 6, 2024 109

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of S. R.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

S. R.,
*Appellant.*

Multnomah County Circuit Court
23CC04655; A182196

Jane W. Fox, Judge pro tempore.

Argued and submitted September 30, 2024.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Lani Augustine, Certified Law Student, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

EGAN, J.

Reversed.

**EGAN, J.**

In this civil commitment case, appellant challenges a judgment entered pursuant to ORS 426.130(1)(a)(C), committing him to the custody of the Oregon Health Authority (OHA) for up to 180 days. That commitment was premised upon the trial court's determination that, because of his mental disorder, appellant posed a danger to others. *See* ORS 426.005(1)(f)(A) (defining the characteristics necessary for involuntary commitment to OHA). On appeal, appellant argues that the record lacked legally sufficient evidence that he was a danger to others. As we explain below, we agree and reverse.

Appellant does not request that we review his case *de novo*, and this is not an exceptional case that justifies such review. *See* ORAP 5.40(8)(C) (providing that the court will exercise its discretion to review *de novo* "only in exceptional cases"). Therefore, we "review whether the state presented sufficient evidence to support appellant's civil commitment for legal error and are bound by the trial court's factual findings that are supported by evidence in the record." *State v. C. M. C.,* 301 Or App 206, 207, 454 P3d 30 (2019).

Under certain circumstances, ORS 426.130(1)(a)(C) authorizes a court to involuntarily commit a "person with mental illness" to the custody of OHA. A "[p]erson with mental illness" includes someone who suffers from a "mental disorder" and, as a result, is "[d]angerous to self or others." ORS 426.005(1)(f)(A). To prove that a person is dangerous to others, the state must establish, by clear and convincing evidence, that the person's "mental disorder makes [them] highly likely to engage in future violence toward others, absent commitment." *State v. S. E. R.*, 297 Or App 121, 122, 441 P3d 254 (2019). That, in turn, requires the state to lay "a factual foundation to predict appellant's future dangerousness based on his condition at the time of the hearing in the context of his history." *State v. M. G.*, 296 Or App 714, 718, 440 P3d 123 (2019) (quoting *State v. D. S.,* 243 Or App 328, 333, 258 Pd3 1250 (2011)). A single violent act may establish that someone is a danger to others so long as nothing indicates that it was an isolated incident. *State v. T. M.,* 296 Or App 703, 710, 437 P3d 1197 (2019). "However,

'a mere recitation of past acts, in the absence of a showing that such [conduct] clearly forms the foundation for a prediction of future dangerousness, cannot serve as the basis for a finding that one' is dangerous to others." *State v. A. M. R.*, 236 Or App 186, 191, 235 P3d 720 (2010) (quoting *State v. Lucas*, 31 Or App 947, 950, 571 P2d 1275 (1977)).

Below, the state produced the following evidence: While at a residential care facility, appellant (1) struck the arm of a facility administrator; (2) grabbed a peer's quarter, which she had been using as a fidgeting device, and threw it across the room; and (3) rammed his forearm into the stomach of a mental health supervisor. After the last incident, staff called 9-1-1 and appellant entered the emergency room. But, by all accounts, that conduct was out of the ordinary for appellant. Prior to those incidents, appellant had not been violent toward others. In fact, he had previously gone 13 months without medication and without a physically aggressive incident, and he had been unmedicated for about eight months before the incidents described above occurred. And, shortly after appellant was taken to the emergency room, he began voluntarily taking medication, and he continued to do so leading up the hearing.

As noted above, appellant contends that the evidence was insufficient to prove that his mental disorder made him highly likely to engage in future violence towards others. We agree with appellant.

"Although 'dangerous' is a common term that, in ordinary usage, may refer to a broad range of threats, the type of 'danger' necessary to justify an involuntary civil commitment is a narrow range of serious and highly probable threats of harm." *State v. S. R. J.,* 281 Or App 741, 749, 386 P3d 99 (2016). Here, appellant's violent conduct toward facility staff during two incidents and his act of tossing a peer's quarter across the room did not create any serious threat of future harm. *See, e.g.*, *State v. B. P.,* 229 Or App 487, 493, 211 P3d 975 (2009) (evidence that a person is "agitated and aggressive is not sufficient evidence" to establish that the person is dangerous to others); *see also State v. Miller*, 198 Or App 153, 159, 107 P3d 683 (2005) (evidence that appellant reacted violently when officers attempted to remove her

from her backyard was insufficient to establish that she had "a propensity to react violently \*\*\* or that there is a high probability that she will commit a violent act in the future"). Thus, we conclude that appellant's conduct did not allow an inference of the type of "danger" necessary to support a civil commitment.

Moreover, "Given the rigors of the clear and convincing evidence standard, we cannot say that [appellant's physical] conduct is so 'extraordinar[ily] persuasive[]' that it makes the prospect that [he] posed a danger to others 'highly probable.'" *A. M. R.*, 236 Or App at 193 (quoting *State v. M. R.*, 225 Or App 569, 574, 202 P3d 221 (2009)) (brackets in *A. M. R.*). On the one hand, appellant committed two violent acts on two different days within a three-week period and while he was unmedicated. But on the other, appellant experienced prolonged periods off medication without being physically aggressive and agreed to taking medication after the incidents while at the emergency room. Viewing the record in the light most favorable to the trial court, that evidentiary record is insufficient to allow a fact finder to conclude that future violence was highly likely.

In sum, the evidentiary record was not legally sufficient to support the court's determination that appellant was a danger to others because of his mental disorder; therefore, the trial court erred.

Reversed.